**Tracy LEE, et al., Plaintiffs–Appellees,**

**v.**

**Officer Hany HANNA and Officer Kent Jacks, Defendants–Appellants.**

No. 01–55403.

D.C. No. CV 99–10126–JSL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2002.

Decided April 1, 2002.

Before WARDLAW and W. FLETCHER, Circuit Judges, and FOGEL, District Judge.*

## MEMORANDUM **

On January 11, 1999, Officer Hany Hanna ("Hanna") stopped Irvin Landrum ("Landrum") for an alleged traffic violation in the City of Claremont, California. Following a series of events that the parties now dispute, Officer Hanna and his backup officer Kent Jacks ("Jacks") fired at least fourteen rounds at Landrum, hitting him three times. Landrum was given immediate medical treatment but died in the hospital within six days of the incident. Landrum's heirs brought an action for wrongful death alleging that the officers violated Landrum's civil rights, and the officers moved for summary judgment on the basis of qualified immunity. The officers submitted declarations alleging that they used reasonable force in light of the fact that Landrum was threatening them with a handgun at the time he was shot. Plaintiffs' evidence in opposition to the motion consisted of a declaration of counsel and a declaration of Landrum's mother to the effect that she did not believe that her son owned or possessed a gun or could have displayed a gun in the manner alleged by the officers. The district court found the officers' declarations to be consistent with one another but denied the motion, reasoning that under *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994), *cert. denied*, 515 U.S. 1159, 115 S.Ct. 2612, 132 L.Ed.2d 855 (1995), it would be inappropriate to grant summary judgment on the basis of the officers' declarations alone, even though the officers were the only percipient witnesses to the incident.

The officers argue on appeal that summary judgment should have been granted because Plaintiffs did not demonstrate the existence of a genuine issue of material fact, that the district court improperly based its denial of the motion on the fact that Plaintiffs had not had an opportunity to test the truth of the officers' statements

---

* Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

through cross-examination, and that the intervening decision of the United States Supreme Court in *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) expresses a strong policy favoring a finding of qualified immunity.

A district court's determination of summary judgment on the basis of qualified immunity is reviewed *de novo*. *See Martinez v. City of Oxnard*, 270 F.3d 852, 855 (9th Cir.2001). Viewing the evidence in the light most favorable to the nonmoving party, we determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc). Our inquiry focuses upon whether there is a genuine issue for trial and neither weighs the evidence nor determines the truth of the matter. *See Balint v. Carson City*, 180 F.3d 1047, 1054 (9th Cir.1999).

Our independent review of the record reveals a number of discrepancies in the evidence submitted to the district court that could lead a reasonable fact finder to question the officers' accounts of the incident. For example, Landrum's hands were covered with particles consistent with gunshot residue, but the gun that Landrum allegedly displayed was never fired and was a collector's item registered to a deceased police officer. No fingerprints were found either on the gun or on the ammunition found in Landrum's pocket. In addition, the officers' declarations in support of the motion for summary judgment are not entirely consistent with their statements made in administrative interviews that occurred shortly after the shooting. Hanna provides differing accounts as to whether he actually saw Landrum with a gun and as to whether he fired before or after he believed that Landrum had fired a shot. Jacks provides differing accounts to what Landrum yelled before the shooting, and Hanna states that he heard Jacks warn Hanna about Landrum's gun, a statement Jacks never claims to have made. Contrary to the officers' argument, the audiotape of the interaction between the officers and Landrum does not resolve these discrepancies because it fails to capture clearly the critical moments immediately before the shooting.

Although *Saucier* does expand the application of qualified immunity, it does not affect the legal analysis in this case. The evidence supports conflicting inferences as to whether Landrum possessed, pointed, or fired a gun, and as to whether the officers reasonably believed that they saw a gun, saw a muzzle flash, or were otherwise threatened with deadly force. On the record before us, we thus cannot determine as a matter of law whether an officer's use of deadly force was reasonable. *See, e.g., Graham v. Connor*, 490 U.S. 386, 396–97, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (the reasonableness of the officer's actions is evaluated through a highly fact-specific analysis leaving room for officer discretion in response to the severity of the crime, the level of threat a suspect poses, and "circumstances that are tense, uncertain, and rapidly evolving"); *Tennessee v. Garner*, 471 U.S. 1, 11–12, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985) (finding a police officer may use deadly force if he or she reasonably perceives that an individual is a threat to the safety of the officer or of others). Accordingly, the district court correctly denied the officers' motion for summary judgment.

AFFIRMED.